WILLIAM H. NEARPASS, AS ADMINISTRATOR, AND SARAH BROWN, AS ADMINISTRATRIX, ETC., OF THEODORE L. BROWN, DECEASED, APPELLANTS, v. WINTHROP W. GILMAN, RESPONDENT.

*Code of Civil Procedure, § 829 — what witnesses competent to testify under.*

This action was brought upon promissory notes made by defendant, and delivered to and owned by plaintiffs' intestate at the time of his death. The notes were signed with defendant's name by Alfred Gilman, his agent.

*Held,* that Alfred Gilman was a competent witness for defendant, to prove payment of the notes to the intestate.

One of the notes was made to the order of one Freedman, and had been by him indorsed to the intestate; but he had never been charged as indorser thereon.

*Held,* that he was a competent witness for the defendant, to prove declarations of the deceased to the defendant, showing that the notes were paid.

APPEAL from a judgment in favor of the defendant, entered upon the report of a referee.

The action was brought in the Supreme court to recover on two promissory notes and two checks. One note for $1,100, one note for $450, one check for $300, and one check for $65, made by one Alfred Gilman, the general agent of the defendant, and delivered

for value to plaintiffs' intestate by said agent, except the $1,100 note, which was indorsed by one Edward Freedman, and transferred to plaintiffs' intestate through such indorser. Freedman, however, had never been charged as indorser. The answer admitted all the allegations of the complaint in reference to the execution, indorsement and delivery of the notes and checks, and the general agency of Alfred Gilman for the defendant, but alleged payment of all the notes and checks except the note of $450, and made offer of judgment for the same with the interest then due, but set up a counter-claim of $360 for lumber sold plaintiffs' intestate. The action was referred to R. C. Coleman, Esq., to hear and determine. It was admitted that Alfred Gilman was the general agent of the defendant, and gave all the notes and checks in suit as such agent, and used the proceeds thereof in the business of the defendant. Upon the trial the defendant called Alfred Gilman as a witness, and was allowed, against plaintiffs' objection and exception, to prove by him payment by him of all the notes and checks (except the $450 note) to plaintiffs' intestate during his life-time. Defendant then called Edward Freedman (the person who indorsed the $1,100 note in suit) as a witness, and was allowed, against plaintiffs' objection and exception, to prove by him declarations of the deceased to the defendant showing that said agent of the defendant, Alfred Gilman, had paid the $1,100 note to plaintiffs' intestate.

*James W. Lyon*, for the appellants.

*Lewis E. Carr*, for the respondent.

BARNARD, P. J.:

Theodore F. Brown died holding certain notes made by defendant. These notes were in fact signed by Alfred Gilman in defendant's name, and as defendant's agent. Alfred Gilman was a proper witness upon the trial of the action brought to recover the notes, by the administrator of the deceased, against the maker of the notes. The agent was not a party, and he was not interested in such a manner as to exclude him on that account. The judgment, either way, would have no direct legal effect upon the agent, and the record of the judgment would not be evidence for or against the agent in any other action to which he might be a party.

One of the notes described in the complaint was made by defendant payable to the order of Edward Freedman. After it was indorsed by him it was transferred to plaintiffs intestate. Freedman was received as a witness upon the trial, to prove that this particular note had been paid to Theodore F. Brown in his life-time. The testimony received from Freedman to evidence such payment, was a declaration made by deceased in the presence of Freedman and defendant. Freedman had never been charged as indorser, and therefore he was not interested in the suit. (*Stark-wheather* v. *Matthews*, 2 Hill, 131.) He was not a party to the record. He was not called on behalf of the plaintiffs, who had succeeded to the title to the note from and through him. Section 829 of the Code of Civil Procedure only prevents a person from whom a party derives title from being a witness " in his own behalf or interest, or in behalf of the party succeeding to his title or interest." Freedman does not seem to fall within this prohibition. The remaining question presented is one of fact. The evidence is sufficient to sustain the findings of the referee. It is very conflicting, but if no rule of law was violated upon the trial, the case is one where the decision of a careful referee should stand.

Judgment affirmed, with costs.

GILBERT and DYKMAN, JJ., concurred.

Judgment affirmed with costs.